IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-90-132-CR




DONALD SCHIWITZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY, 



NO. 31,999, HONORABLE HOWARD S. WARNER II, JUDGE



 





PER CURIAM

 A jury found appellant guilty of driving while
intoxicated, first offense. Tex. Rev. Civ. Stat. Ann. art. 6701l-1
(Supp. 1991). The court assessed punishment at incarceration for
two years and a $500 fine, probated.

 The first of appellant's four points of error is that the
constitutional guarantee against double jeopardy was violated in
this cause. In lieu of a brief, the State has filed a "motion to
reverse and remand" confessing error with respect to appellant's
jeopardy claim.

 On February 21, 1990, after a jury had been impaneled and
sworn at appellant's first trial, the State informed the court that
one of its witnesses "was not in the frame of mind" to testify due
to a serious illness in his family. The State did not request a
continuance, but instead moved for and was granted a mistrial over
appellant's objection. On March 5, after overruling appellant's
motion to dismiss based on double jeopardy, the cause was again
called for trial. (1)

 This Court agrees that there was no manifest necessity
for the mistrial. Ex parte Moore, 695 S.W.2d 715 (Tex. App. 1985,
pet. ref'd). Because jeopardy had attached prior to the mistrial,
the second trial was barred.

 The judgment of conviction is reversed and Hays County
cause number 31,999 is ordered dismissed.


[Before Justices Powers, Aboussie and Kidd]

Reversed and Dismissed

Filed: June 26, 1991

[Do Not Publish]
1. Appellant did not file a pretrial writ of habeas corpus. Ex
parte Robinson, 641 S.W.2d 552 (Tex. Cr. App. 1982).